J. MANNING CLARKSON, PLAINTIFF IN ERROR, v. JOHN CRUMMELL, DEFENDANT IN ERROR.

In an action of trespass *quare clausum fregit* a sheriff pleaded justification under a judgment in ejectment, and a writ of *habere facias possessionem* thereon. The judgment did not include the land in question. *Held*— that the officer, having pleaded the judgment, could not justify under the writ alone.

Error to the Supreme Court.

For the plaintiff in error, *S. B. Ransom.*

For the defendant in error, *G. Berry.*

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error in this case brings up a judgment of the Supreme Court, rendered upon a writ of error to the Middlesex Circuit Court. The action was trespass *quare clausum fregit,* and was brought against Clarkson, the plaintiff in error, for turning Crummell, the defendant in error, out of possession of a house and lot of land. It

appears that, at the time of the ejectment, the latter was in possession of certain land in the county of Middlesex, laid down on a map referred to in the proceedings as lots fifty-two and fifty-three, and also of the land laid down on that map as Monroe street, adjoining one of those lots. His dwelling-house was on the land laid down on the map as Monroe street. Clarkson was sheriff of Middlesex, and as such, ejected Crummell under a writ of *habere facias possessionem*, which had been delivered to him, and which had been issued in an action of ejectment, in which Crummell was defendant and Ann M. Lynch was plaintiff. The defendant in the trespass suit pleaded five pleas. The first was the general issue and the others justification. The second and fourth pleas justified on the ground of freehold in Mrs. Lynch, the judgment in ejectment and the writ for possession. The third and fifth set up the freehold and that Clarkson acted as the servant of Mrs. Lynch. Crummell replied traversing the freehold and the judgment. The recovery by the judgment was of "lots fifty-two and fifty-three, extending all the way through to the full depth of the tract claimed to Fitch street on the map." These lots adjoined each other and together were bounded on the east by the land laid down on the map as Monroe street; on the south by Fitch street, on the north by Rahway avenue, and on the west by land in possession of Crummell. The land on the east side of the land laid down as Monroe street was in possession of Mrs. Lynch. The writ of *habere facias possessionem* described the premises as "a tract of land with the appurtenances, situate in the township of Woodbridge, in the county of Middlesex, being lots number fifty-two and fifty-three, extending all the way through to the full depth of the tract claimed by the plaintiff, in her declaration, to Fitch street on a certain map of said premises; being bounded on the northerly side by a certain road or street called Rahway avenue, on the easterly side by land in the possession of the said Ann M. Lynch, on the southerly side by a certain street called Fitch street, and on the westerly side by lands in the possession of the said John Crummell."

Under this writ Clarkson ejected Crummell not only from lots fifty-two and fifty-three, but from the land adjoining the former, and laid down on the map as Monroe street, on which Crummell's house was. The last mentioned land had never been used by, nor opened to the public as a street. The judge charged the jury that Clarkson, under the writ, could not go beyond the lines of the lots as laid down on the map, and that, therefore, his act in dispossessing Crummell of the land laid down on the map as Monroe street, was illegal and tortious. On the trial no evidence was offered under the third and fifth pleas. Clarkson insists that, in delivering possession of the land laid down as a street, he was protected by the writ which, he claims, commanded him by its description of the premises to give possession of that land, as well as the land within the lines of the lots. But under the state of the pleadings he could not have justified by the command of the writ alone. Had he seen fit to do so he might have relied on the process alone for his justification. *Button* v. *Cole*, 1 *Salk.* 408; *Moravia* v. *Sloper*, *Willes* 30; *Addison on Torts* 658. But he pleaded the judgment as well as the writ, and he was, therefore, bound to establish his justification under the judgment. *Philips* v. *Biron*, 1 *Str.* 509; *Smith* v. *Bouchier*, 2 *Str.* 993; *Middleton* v. *Price, Id.* 1184; *Addison on Torts* 658. That he could not do, because the judgment was for the lots alone. The question, whether an officer, who has thus pleaded, may be permitted to justify under the writ alone, was ruled in Philips *v.* Biron. There the plaintiff (Biron) in a *ca. sa.* and the officer who served it were sued together for trespass and false imprisonment, and pleaded jointly a judgment against Philips, which, it appears, had been subsequently set aside by the court, but before it was set aside the *ca. sa.* was issued under which Biron and the officer justified. It was held that the officer, by joining in the same plea with Biron, had forfeited his defence under the writ alone. And it appears to have been deliberately considered, in that case, whether the court might not, on the pleadings, separate the officer from Biron, seeing that the

former was justified in what he had done, and the court adjudged that it could not do so.

The plaintiff in error, therefore, having justified under the judgment, and the judgment being no authority for the delivery of possession of any of the land laid down on the map as Monroe street, from which he ejected the defendant in error, his action in that respect was illegal and tortious, as charged by the judge. The judgment of the Supreme Court ought therefore to be affirmed.

*For affirmance*—The CHANCELLOR, DALRIMPLE, DEPUE, SCUDDER, VAN SYCKEL, LATHROP, DODD, GREEN, LILLY, CLEMENT, WALES. 11.

*For reversal*—None.